## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| ) | Case No. 17-16923-MER |
| NELSON RIVERA RAMOS, JR. ) | Chapter 7 |
| MARY L. RAMOS ) | |
| ) | |
| Debtor(s) ) | |
| _____) | |
| ) | |
| JARED WALTERS ) | Adversary Proceeding No. |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICOR FUNDING, INC. ) | |
| DBA AMERICOR FINANCIAL ) | |
| ) | |
| Defendant ) | |

___

### COMPLAINT
___

Jared Walters, Chapter 7 Trustee, by and through his counsel, The Johnson Law Firm, for his Complaint against Americor Funding, Inc. dba Americor Financial as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7001-1.

5. Plaintiff Jared Walters consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

## PARTIES AND STANDING

6. Plaintiff Jared Walters (the "Trustee") is the duly appointed Chapter 7 trustee of the bankruptcy estate of Nelson Rivera Ramos, Jr. and Mary L. Ramos (together, the "Debtor"), Case No. 17-16923-MER.

7. Upon information and belief, Defendant Americor Funding, Inc. dba Americor Financial ("Defendant") is a California corporation with its principal place of business located at 18200 Von Karman Ave., Suite 600, Irvine, CA 92612

8. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about October 25, 2017 (the "Petition Date").

9. On or about March 3, 2017, the Debtor entered into an agreement with Defendant as part of a debt management program (the "Agreement").

10. Upon information and belief, the Debtor was a resident of Colorado at all times relevant to Defendant's representation of Debtor.

11. Upon information and belief, pursuant to the terms of the Agreement, between March 3, 2017 and the Petition Date, the Debtor paid fees of $1,320.80 to Defendant.

12. Upon information and belief, the fees charged by Defendant exceeded the fees allowed pursuant to C.R.S. § 5-19-223 of fifty dollars for a consultation, fifty dollars per month service fee, and fees reflecting the same proportional relationship to the total fee for settling the terms of the entire debt balance as the individual debt amount bears to the entire debt amount, in which case the individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or is a percentage of the amount saved as a result of the settlement.

13. Upon information and belief, no voluntary contributions were made pursuant to C.R.S. § 5-19-224.

14. In exchange for the Debtor's payments, Defendant agreed to negotiate settlement of certain unsecured debts of the Debtor.

15. Upon information and belief, none of Debtor's debts was settled by Defendant.

16. Defendant failed to provide "reasonably equivalent value" in exchange for Debtor's payment of $1,320.80.

17. Because the Defendant provided no "reasonably equivalent value" in exchange for the Debtor's payments to Defendant, her transfer to Defendant is a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))

18. The Trustee incorporates by this reference the allegations contained in paragraphs 1 through 17 above as though more fully set forth in this First Claim for Relief.

19. Between March 3, 2017 and the Petition Date, the Debtor paid $1,320.80 in fees to Defendant (the "Transfer").

20. The Transfer was made within two years of the Petition Date.

21. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

22. On the date that the Transfer was made, the Debtor was either:

   a. insolvent or became insolvent as a result of the Transfer;

   b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

   c. intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

23. As a result of the foregoing, the Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

## SECOND CLAIM FOR RELIEF
### (Recovery of Property of the Estate 11 U.S.C. § 542
### Violation of the Colorado Uniform Debt Management Services Act
### C.R.S. § 5-19-201 et seq formerly cited as C.R.S. § 12-14.5-201 et seq)

24. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 23 above as though more fully set forth in this Second Claim for Relief.

25. Pursuant to 11 U.S.C. § 541, the estate consists of all legal or equitable interests of the Debtor at the commencement of the case including causes of action

26. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to turnover of property of the estate.

27.     Defendant is a "provider" of "debt management services" to Debtor as defined by C.R.S. § 5-19-202.

28.     Between March 3, 2017 and the Petition Date, Defendant charged fees of $1,320.80, which are in excess of those allowed pursuant to C.R.S. §§ 5-19-223 and 224.

29.     The Agreement is voidable by the Trustee pursuant to C.R.S. § 5-19-225(a).

30.     As a result of the foregoing, the Trustee has the right of private enforcement and to recover damages under the Colorado Uniform Debt Management Services Act, C.R.S. § 5-19-201 et seq, pursuant to C.R.S. § 5-19-235.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendants, (a) avoiding the transfer of $1,320.80 to the Defendant pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the transfer or the value thereof from Defendant; (c) requiring the turnover of property pursuant to 11 U.S.C. § 542 of three times the total amount of the fees, charges, money, and payments made by the Debtor to the Defendant, $3,962.40, reasonable attorney fees and costs pursuant to C.R.S. § 5-19-235; and (d) granting such other relief as the Court deems appropriate.

Dated this 18th day of April, 2018.

Respectfully submitted,

THE JOHNSON LAW FIRM

/s/ Lars Johnson
*Original Signature on File*
Lars Johnson, #34344
PO Box 10
Eagle, CO 81631
Phone: 970-688-0436
Lars_johnson@me.com
ATTORNEYS FOR THE TRUSTEE